**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ANTONIO DONNELL OESBY #13350007
Petitioner                                                                :

      v.                                                                  :        Civil Action No. RWT-09-1078

STATE OF MARYLAND                                          :
    Respondent

**MEMORANDUM**

Respondent moves for dismissal of the above-captioned petition for writ of habeas corpus[1] as untimely.[2]  Document 11.  In reply, Petitioner claims the limitations period should not be applied against him because he can demonstrate "actual innocence."  Document 13.  After reviewing these papers, the court finds no need for an evidentiary hearing.  See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; see also 28 U.S.C. §2254(e)(2).  For reasons set forth herein, the court shall dismiss the petition with prejudice as time-barred.

**Procedural History**

Petitioner attacks four separate judgments of conviction rendered in the Circuit Court for Prince George's County in 2001.[3]  Three of those judgments stem from a series of attacks within

---

[1] Petitioner, who is serving a federal sentence and incarcerated at the Federal Correctional Center in Coleman, Florida, originally presented his Petition for filing in the United States District Court for the Middle District of Florida.  Although that court deemed the action as a petition filed pursuant to 28 U.S.C. § 2241, it is clear that the cause of action is in the nature of an attack on a state court conviction pursuant to 28 U.S.C. § 2254.

[2] The pro se Petition, received for filing on January 6, 2009, will be deemed filed on the signature date, January 1, 2009.  See Houston v. Lack, 487 U.S. 266 (1988); United States v. Dorsey, 988 F. Supp. 917, 919-920 (D.Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule.)

[3] Rule 2(e) of the Rules Governing Section 2254 Cases in the United States Courts requires a petitioner who seeks relief from judgments of more than one state court to file a separate petition covering the judgment or judgments of each court.  Petitioner has failed to abide by the Rule, and the court was unable to discern its violation until Respondent provided record evidence concerning the four convictions.  As time considerations play a key role in determining this case and three of the four convictions are closely intertwined, all four judgments of conviction

a nine-day period against four lone women living in close proximity to each other in garden-style apartments located in Prince George's County, Maryland.[4]  On February 1, 2001, Petitioner was convicted by a jury in Case No. CT-00-35X of third-degree sexual offense, second-degree assault, and carrying a deadly weapon openly with the intent to injure.  Document 11-2 at 11.  On February 5, 2001, another jury convicted him in Case No. CT-00-36X of attempted robbery with a deadly weapon, second-degree assault, and carrying a deadly weapon openly with the intent to injure.  Document 11-3 at 10.  On February 14, 2001, a third jury convicted him in Case No. CT-00-37X of third-degree sexual offense, robbery with a deadly weapon, and carrying a weapon openly with the intent to injure.  Document 11-4 at 12.  Each case came before the same judge who, on March 23, 2001, sentenced Petitioner in all three cases to consecutive terms of incarceration totaling 89 years.  Id. at 13.  The three cases were consolidated on appeal and, in a reported opinion filed on January 4, 2002, the Court of Special Appeals of Maryland merged two second-degree assault convictions for sentencing purposes, but otherwise affirmed Petitioner's judgments of conviction.  Document 11-5 at 32.  The Court of Appeals of Maryland denied Petitioner's request for further review on May 9, 2002.  Document 11-6.  Petitioner did not seek further review in the United States Supreme Court, and these convictions became final on August 7, 2002, upon expiration of the ninety-day period for seeking such review pursuant to Sup. Ct. Rule 13.1.  Petitioner did not seek post-conviction relief with regard to these judgments of conviction.

The fourth judgment of conviction, Case No. CT-00-1770X, stemmed from the October 4, 1999 rape and murder of Donna Zinette.  Following a four-day trial, a Prince George's County

---

shall be examined in the context of this case.  To the extent Petitioner references convictions in the District of Columbia, those convictions and sentences are not at issue here.

[4] Details of the crimes are set forth in <u>Oesby v. Maryland</u>, 142 Md. App. 144, 788 A.2d 662 (2002).

jury on June 21, 2001, convicted Petitioner of first-degree murder and first-degree rape. Document 11-7 at 12. On August 9, 2001, Petitioner was sentenced for those crimes to consecutive terms of life in prison. Document 11-7 at 13-14  The convictions were affirmed by the Court of Special Appeals in an unreported decision filed on April 22, 2002. Document 11-8 at 16. The Court of Appeals denied further review on March 14, 2003. Document 11-9. Thus, these convictions became final on June 12, 2003, upon expiration of the deadline for seeking review in the United States Supreme Court.

On March 4, 2003 (before the judgment of conviction became final on direct appeal), Petitioner filed a post-conviction petition in the Circuit Court for Prince George's County. Document 11-7 at 16. On June 2, 2003, the issue raised in the petition was resolved by consent when the court authorized Petitioner to file a second petition for writ of certiorari in the Court of Appeals.[5] Document 11-7 at 16-17. Petitioner did not seek leave to appeal the post-conviction determination to the Court of Special Appeals, and the matter became final on July 2, 2003 pursuant to Md. Rule 4-408 and 8-204.

The Petition before this court is not a model of clarity. Petitioner seemingly contends that his Maryland convictions violate the prohibition against double jeopardy because he was convicted of the same crimes in the District of Columbia. Paper No. 1 at 6. In his Reply (Document 13), Petitioner raises an argument concerning ineffective assistance of trial counsel. Before this court can examine the merits of the claims, however, it must first address Respondent's assertion that consideration is barred because the case was untimely filed.

A one-year statute of limitations applies to habeas petitions. See 28 U.S.C. § 2244(d).[6]

---

[5] The second petition for certiorari was denied by the Court of Appeals on August 28, 2003. Id., Exhibit 9.

[6] This section provides:

This one-year period is tolled while properly filed post-conviction proceedings are pending, and may otherwise be equitably tolled. See 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

It is apparent that with regard to three of the cases, no properly filed state post-conviction petitions were pending to toll the limitations period. As to the case involving murder, post-conviction review became "final" on July 2, 2003. Petitioner claims the time-bar should not apply to him because he is "actually innocent" with regard to the rape and murder of Donna Zinette.[7] Specifically, he argues trial counsel was ineffective because counsel failed to question the State's experts concerning inconsistencies with regard to DNA evidence.

Respondent argues that the timeliness of the Petition should be assessed under 28 U.S.C. § 2244(d)(1) and (2). The court concurs.

---

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[7] By arguing "actual innocence," Petitioner appears to confuse the time-bar issue with the doctrine of procedural default.

Petitioner provides no explanation as to why he failed to seek federal habeas corpus relief as to any of his convictions within the one-year limitations period. In order to be entitled to equitable tolling, he must establish that either some wrongful conduct by Respondent contributed to the delay in filing the petition or that circumstances that were beyond his control caused the delay. See Rouse v. Lee, 339 F. 3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. Nothing in the record suggests that Petitioner has been diligently pursuing his rights and that some extraordinary circumstance prevented him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse, 339 F.3d at 246. To the extent failure in three instances to seek, and in another instance failure to complete, post-conviction relief might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief in regard to his four convictions and sentences are time-barred. For the reasons stated herein, the court will deny and dismiss the Petition. A separate Order follows.

September 28, 2009                                         /s/                       .
                                                    Roger W. Titus
                                                    United States District Judge